UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RACHEL JONES**, <br><br> Plaintiff, <br><br> v. <br><br> **FLIK HOSPITALITY GROUP**, <br><br> Defendant. | Case No. 20-cv-00111 (TNM) |

**MEMORANDUM ORDER**

Plaintiff Rachel Jones filed this case last year, alleging that her employer, Flik International Corp., unlawfully fired her based on a documented disability. Compl. at 1, ECF No. 1.[1] Defendant Flik Hospitality Group ("Flik") timely responded, *see* Answer, ECF No. 7, and this matter entered discovery. Since then, however, Jones has failed to meaningfully engage with opposing counsel and to fulfill her discovery obligations. The Court warned Jones multiple times that she must collaborate with defense counsel as part of the discovery process and must reply to any dispositive motions filed, *see, e.g.,* Minute Order, Feb. 18, 2021, but she has not responded in several months.

On March 25, 2021, Flik moved to dismiss this case for Jones's failure to comply with the Court's Order on discovery, which directed Jones to respond to Flik's discovery requests by March 1. *See* Def.'s Rule 41(b) Mot. to Dismiss for Failure by Pl. to Comply with the Court's Order, ECF No. 13. Under Local Civil Rule 7(b), a plaintiff appearing before this Court has 14 days to oppose such a motion unless the Court directs otherwise. Here, because Plaintiff is proceeding *pro se* and lacks access to the Court's electronic filing system, the Court ordered her

---

[1] All page citations refer to the page numbers that the CM/ECF system generates.

to respond to by April 15, 2021.  *See* Order Advising Pl. to Respond, ECF No. 14.  The Court warned Jones that a failure to respond by that date "may result in the district court granting the motion and dismissing the case."  *Id*. (citing *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988)).  Jones has not responded to Flik's motion, so the Court GRANTS it as conceded under Local Civil Rule 7(b).

Even if the motion were not conceded, dismissal is proper.  "District courts have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute" the matter.  *Peterson v. Archstone Communities LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011).  Both Federal Rule of Civil Procedure 41(b) and Local Rule 82.3 grant the same authority.  *See* Fed. R. Civ. P. 41(b); LCvR 83.23.  "A Rule 41(b) dismissal is proper if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause," *Bomate v. Ford Motor Co*., 761 F.2d 713, 714 (D.C. Cir. 1985) (per curiam), particularly when "the plaintiff has been previously warned that he must act with more diligence, or if [she] has failed to obey the rules or court orders."  *Smith-Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988).  The Court's authority to dismiss a case for failure to prosecute "is not discarded simply because a plaintiff is proceeding *pro se*."  *Allen v. United States*, 277 F.R.D. 221, 223 (D.D.C. 2011).

Jones has missed several discovery deadlines and failed to abide by this Court's orders.  Plaintiff has "not manifested reasonable diligence in pursuing" this matter, despite explicit warnings by the Court.  *Bomate*, 761 F.2d at 714; *see also Handy v. Shaw, Bransford, Veilleux & Roth*, No. CIV.A.00-2336(CKK), 2006 WL 3791387, at * 7–9  (D.D.C. Dec. 22, 2006) (granting motion to dismiss for failure to comply with court orders and to participate in discovery).

Accordingly, it is hereby

**ORDERED** Defendant Flik Hospitality Group's [13] Motion to Dismiss for Failure by

Plaintiff to Comply with the Court's Order is **GRANTED** as conceded, and the claims are **DISMISSED** without prejudice.

The Clerk of Court shall close this matter. This if a final, appealable order.

**SO ORDERED.**

Dated: April 26, 2021                                           TREVOR N. McFADDEN, U.S.D.J.